**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **GARY BROOKS,** | : | **Case No.:  3:12-cv-67** |
| | : | |
| Plaintiff, | : | Judge: Timothy S. Black |
| | : | |
| v. | : | Magistrate Judge:  Michael J. Newman |
| | : | |
| **MIDWEST FIRST STAR, INC.,** | : | **STIPULATED PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |

WHEREAS, discovery and relief sought in this action by Plaintiff and by Defendant require the production of certain confidential, proprietary and/or sensitive information from the Plaintiff and Defendant; and

WHEREAS, Plaintiff and Defendant have agreed to the entry of this Order protecting the confidentiality of such information:

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. As used herein, "Confidential Information" means any documents or things, answers to questions propounded in a deposition, answers to interrogatories, responses to requests for admission, tax records, social security numbers, medical records, personnel records, business records, financial records, inspection records or other disclosure of information which is of a sensitive, personal, proprietary or otherwise confidential nature.

2. All materials designated Confidential Information pursuant to this Stipulated Protective Order, will have stamped or printed thereon "CONFIDENTIAL." Such designation may be withdrawn or added subsequent to the production of a document.

3. Confidential Information shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this litigation, including appeals, if any. Social security numbers shall be redacted from any documents filed with the Court as well as any documents used in depositions.

4. Confidential Information shall be disclosed only to the following:

   a. Counsel for Plaintiff, his law clerk(s), paralegal(s), consulting attorney(s) and co-counsel, in-house Corporate Counsel who have signed this Stipulated Protective Order, and counsel for Defendant, their partners, associates and employees to whom disclosure is reasonably deemed necessary by said counsel for the conduct of this litigation. Said counsel and such supporting personnel shall hold the Confidential Information in confidence and shall not disclose it to any other person not authorized to receive it under this Stipulated Protective Order.

   b. Any party who is bound by the terms of this Stipulated Protective Order, but only to the extent that such disclosure is reasonably deemed necessary by that party's counsel for the conduct of this litigation, and provided further that a party may retain documents containing Confidential Information only so long as is necessary for the conduct of this litigation.

   c. Any expert or consultant who is retained by a party or its counsel in order to assist in the conduct of this litigation, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance. Such expert or consultant may retain documents containing Confidential Information only so long as is necessary for the performance of such assistance.

   d. Any person whose testimony is taken or to be taken in this litigation, but only to the extent that such disclosure is necessary for the conduct of this litigation; and provided further, that such a person may only be shown copies of documents containing Confidential Information during his/her testimony or in consultation with counsel, and may not retain any such documents or copies, summaries or extracts thereof.

   e. As to any person referred to in subparagraphs (b), (c) and (d) above to whom Confidential Information may be shown, the attorneys of record shall first inform each such person that such Confidential Information to be disclosed is confidential, to be held in confidence, and to be used solely for the purpose of preparing for and presenting evidence in

this litigation and that these restrictions are imposed by a court order. Each attorney of record shall obtain from each such person a Confidentiality Agreement in the form attached hereto as Exhibit A.

    f.      Court reporters while in the performance of their official duties.

    g.      This Court or any other court to which any appeal of this litigation is taken.

    h.      Mediators, arbitrators, jurors or any other person or persons charged with facilitating and/or determining a resolution and/or outcome to the above-referenced lawsuit.

5.     All documents and briefs and other papers containing referring to or otherwise disclosing Confidential Information which are filed with (or otherwise submitted to) the Court shall be placed under seal by the Clerk of Court and shall not be disclosed except as provided in this Order.  All such documents filed with or submitted to the Court shall be conspicuously marked "CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER" prior to such filing or submission and shall be accompanied by a written request that the documents be placed under seal.  In the event that any Confidential Information is used or disclosed in any hearing, at trial or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

6.     No person shall make copies, extracts or summaries of documents containing Confidential Information except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this litigation.  Each such copy or other paper shall be conspicuously marked with an appropriate legend signifying its confidential status.  Counsel and all other persons to whom Confidential Information is disclosed

as permitted herein shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of materials containing Confidential Information.

7.Nothing in this order shall be construed as waiver by Plaintiff or Defendant of their right to object to any request for discovery.  This Stipulated Protective Order shall not be construed as an agreement by Plaintiff or Defendant to produce any documents or to supply any information and shall not constitute an admission that any documents or information which may exist are relevant in any way to the issues raised in this or any other litigation or a waiver of any privilege or immunity with respect thereto.  Plaintiff and Defendant reserve the right to seek further protective orders from the Court in connection with any documents and other information.

8.Any designation of confidentiality by one party may be challenged by another party.  The party making such challenge shall first consult with the other party in an attempt to resolve the dispute.  In the event the parties are unable to resolve the dispute, the matter shall be submitted to the Court for a prompt resolution.  Pending such resolution by the Court, the information in question shall continue to be treated as Confidential Information in accordance with the provisions of this Order.

9.Within sixty (60) days after final termination of this litigation, counsel for each of the parties shall return to the person or entity producing it, or certify in writing the destruction of, all Confidential Information in its possession or which was provided by such counsel to any other person pursuant to the terms of this Stipulated Protective Order, except that nothing in this Order shall require return or destruction of Confidential Information containing or reflected in attorney work product if such work product is maintained by counsel in strict confidence.  In lieu

of returning said Confidential Information, counsel certifies, through his/her signature on this Order, that all reasonably precautions will be taken to ensure against disclosure of the Confidential Information after the termination of this action (including appeals).

10. All persons and entities to whom Confidential Information is disclosed shall be bound by the terms of this Order.

11. Per authority of *Procter &Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal. Any provisions in this Protective Order to the contrary are hereby stricken.

**IT IS SO ORDERED.**

January 24, 2013                                             s/ **Michael J. Newman**
                                                             United States Magistrate Judge

**SO AGREED**:

PETERSON, CONNERS, FERGUS & PEER, LLP

By:/s/ John C. Gerboth (per email authorization of 01/17/13
John C. Gerboth (0083193)
Two Miranova Place, Ste. 330
Columbus, OH 43215
Telephone:  (614) 365-7000
Facsimile:  (614) 220-0197
Email:      jgerboth@petersonconners.com
*Attorney for Plaintiff*

DUNLEVEY, MAHAN & FURRY

By: /s/ Amy C. Mitchell

        Robert T. Dunlevey (0011154)
        Amy C. Mitchell (0069548)
        110 North Main Street, Ste. 1000
        Dayton, Ohio  45402-1738
        Telephone:  (937) 223-6003
        Facsimile:   (937) 223-8550
        Email:     rtd@dmfdayton.com
                    acm@dmfdayton.com
*Attorneys for Defendant, Midwest First Star, Inc.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **GARY BROOKS,** : | |
| : | Case No.: **3:12-cv-00067** |
| **Plaintiff,** : | |
| : | Judge: **Timothy S. Black** |
| v. : | |
| : | Magistrate Judge: **Michael J. Newman** |
| **MIDWEST FIRST STAR, INC.,** : | |
| : | |
| **Defendant.** : | |

**CONFIDENTIALITY AGREEMENT**

I, _____, represent and agree as follows:

1. I reside at _____,
(Address)

_____, _____,
(City) (State)

_____ and I am employed as _____
(Zip) (Title)

by _____
(Employer)

_____, _____
(Address) (City)

_____, _____, _____
(State) (Zip) (Phone Number)

-2-

    2.    I have read and know the contents of the Stipulated Protective Order dated _____, _____ filed in the above-entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of the United States District Court, Southern District of Ohio, Western Division relative to assuring enforcement of the terms and conditions of said Stipulated Protective Order.

    3.    I agree to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated Protective Order prior to the disclosure to me of any Confidential Information.

    4.    I expressly agree that:

    (a)    I have read and shall be fully bound by the terms of the Stipulated Protective Order;

    (b)    All such Confidential Information as is disclosed to me pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose the original or any copy of, or the subject matter of, the Confidential information;

    (c)    I shall not use or refer to any Confidential Information, or copies thereof, other than in connection with the above entitled action and as provided in the Stipulated Protective Order; and

    (d)    I shall, upon being notified by counsel of the termination of the above-referenced lawsuit, return all Confidential Information to the counsel for the party who furnished such Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same.

_____      _____
Date                                                                  Signature